```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
EDWIN DIAZ, on behalf of himself and all others similarly situated,

                                Plaintiff,

-against-

FREEDOM NEW YORK, L.L.C. d/b/a FREEDOM CRUISES,

                                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/10/2019__
```

18 Civ. 7821 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On October 29, 2018, the Court ordered Plaintiff to file the papers necessary to initiate a default judgment by November 19, 2018, and warned that "[f]ailure to do so may result in dismissal for failure to prosecute." ECF No. 12. On November 20, 2018, after Plaintiff failed to file the papers, the Court ordered Plaintiff to file the papers by November 28, 2018, and repeated the earlier warning. ECF No. 13. On November 30, 2019, after Plaintiff again failed to comply, the Court ordered Plaintiff to file these papers by December 7, 2018, and warned that "[f]ailure to do so will result in dismissal for failure to prosecute." November 30 Order, ECF No. 14. On December 10, 2018, after Plaintiff again failed to, the Court ordered Plaintiff to file the papers by December 17, 2018, warning that "[f]ailure to do so will result in dismissal for failure to prosecute." December 10 Order, ECF No. 15.

> A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted).

      Since intiating this action over three months ago, Plaintiff has failed to take signifigant steps toward prosecuting its claim and has repeatedly failed to comply with the Court's orders. Moreover, the Court adjourned the initial pretrial conference *sine die* on October 29, 2018 because Plaintiff stated that he intended to move for default judgment. ECF No. 11. Plaintiff, however, has not taken any steps to intitiate the default judgment in the almost two months since. The Court's November 30 Order and December 10 Order warned Plaintiff that failure to file would result in dismissal under Rule 41. ECF Nos. 14–15. Although the third and fourth factors may not weigh strongly in favor of dismissal, *Baptiste*, 768 F.3d at 218–19, the Court has considered other

possible sanctions and finds no reason to believe that further extensions would yield a different result in light of Plaintiff's repeated non-compliance with court orders.

Upon weighing these five factors, the Court finds that dismissal is appropriate. Accordingly, the complaint is DISMISSED without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 10, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge